**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

FORT LAUDERDALE DIVISION
Case No.: 09-61596-CIV-COHN/SELTZER

LUCY MAYORGA, et al.,

       Plaintiffs,

v.

AIRBUS S.A.S., a foreign corporation,
and AIRBUS INDUSTRIE G.I.E., a
foreign corporation,

       Defendants.

**I.**

**ORIGINAL ANSWER OF AIRBUS S.A.S.**

Subject to its affirmative defenses, without waiver of any rights, privileges, or defenses, and without conceding the appropriateness of this forum for resolution of this dispute, Defendant AIRBUS S.A.S., through its undersigned counsel, files this Original Answer ("Answer") to Plaintiffs' Complaint ("Complaint") and would show the Court as follows:

1. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies the allegations.

2. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 of the Complaint and, on that basis, denies the allegations.

3. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of the Complaint and, on that basis, denies the allegations.

4. Airbus S.A.S. admits it is a *société par action simplifiée* organized under the laws of France with its principal place of business in Toulouse-Blagnac, France.  Airbus S.A.S. admits that Airbus Industrie G.I.E. is named as a Defendant in this lawsuit, but it no longer exists having been merged into Airbus S.A.S. before the occurrence of the events made the basis of this lawsuit.  Airbus S.A.S. admits all other allegations in the paragraph 4 of the Complaint, except that Airbus denies that the purpose of Airbus Americas Sales, Inc. is to sell Airbus aircraft in the State of Florida or that Airbus operates a Customer Support Center in Fort Lauderdale, Florida, where it provides on-site technical assistance and helps solve in-service problems.

5. Airbus S.A.S. admits the allegations in paragraph 5 of the Complaint.

6. Airbus S.A.S. admits the subject aircraft was designed, assembled, and placed into the stream of commerce by Airbus S.A.S. in France.

7. Airbus S.A.S. admits the allegations in paragraph 7 of the Complaint.

8. Airbus S.A.S. denies the allegations in paragraph 8 of the Complaint.

9. Airbus S.A.S. denies the allegations in paragraph 9 of the Complaint.

10. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Complaint and, on that basis, denies the allegations in paragraph 10 of the Complaint.

## **JURISDICTION AND VENUE**

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. admits the allegations in paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 13 of the Complaint, including subparagraphs *a* through *c*.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations of paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 15 of the Complaint, including subparagraphs *a* through *c*.

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 16 of the Complaint.

## GENERAL ALLEGATIONS

17.     Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Complaint and, on that basis, denies the allegations in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 18 of the Complaint.

19.     Airbus S.A.S. denies the allegations in paragraph 19 of the Complaint.

20. Airbus S.A.S. denies the allegations in paragraph 20 of the Complaint.

21. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Complaint and, on that basis, denies the allegations in paragraph 21 of the Complaint.

22. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Complaint and, on that basis, denies the allegations in paragraph 22 of the Complaint.

23. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Complaint and, on that basis, denies the allegations in paragraph 23 of the Complaint.

24. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Complaint and, on that basis, denies the allegations in paragraph 24 of the Complaint.

25. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25 of the Complaint and, on that basis, denies the allegations in paragraph 25 of the Complaint.

26. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26 of the Complaint and, on that basis, denies the allegations in paragraph 26 of the Complaint.

27. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 27 of the Complaint and, on that basis, denies the allegations in paragraph 27 of the Complaint.

28. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint and, on that basis, denies the allegations in paragraph 28 of the Complaint.

29. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 29 of the Complaint and, on that basis, denies the allegations in paragraph 29 of the Complaint.

30. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30 of the Complaint and, on that basis, denies the allegations in paragraph 30 of the Complaint.

31. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31 of the Complaint and, on that basis, denies the allegations in paragraph 31 of the Complaint.

32. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32 of the Complaint and, on that basis, denies the allegations in paragraph 32 of the Complaint.

33. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33 of the Complaint and, on that basis, denies the allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 34 of the Complaint.

35. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35 of the Complaint and, on that basis, denies the allegations in paragraph 35 of the Complaint.

36. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36 of the Complaint and, on that basis, denies the allegations in paragraph 36 of the Complaint.

37. Airbus S.A.S. denies the allegations in paragraph 37 of the Complaint.

38. Airbus S.A.S. admits that tricresyl phosphate is a compound sometimes added to petroleum-based products. Except as otherwise expressly admitted herein, Airbus S.A.S. denies the allegations in paragraph 38 of the Complaint.

39. Airbus S.A.S. admits that a neurotoxin or nerve agent may act under some circumstances on nerve cells of the central and peripheral nervous systems. Except as otherwise expressly admitted herein, Airbus S.A.S. denies the allegations in paragraph 39 of the Complaint.

40. Airbus S.A.S. admits the allegations in paragraph 40 of the Complaint.

41. Airbus S.A.S. admits that organophosphates are compounds. Except as otherwise expressly admitted herein, Airbus S.A.S. denies the allegations in paragraph 41 of the Complaint.

42. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 42 of the Complaint and, on that basis, denies the allegations in paragraph 42 of the Complaint.

43. The Material Safety Data Sheet speaks for itself and thus no response is required. To the extent a response is deemed required, Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43 of the Complaint and, on that basis, denies the allegations in paragraph 43 of the Complaint.

44. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44 of the Complaint and, on that basis, denies the allegations in paragraph 44 of the Complaint.

45. Airbus S.A.S. denies the allegations in paragraph 45 of the Complaint.

46. Airbus S.A.S. denies the allegations in paragraph 46 of the Complaint.

## COUNT I-NEGLIGENCE

47. Airbus S.A.S. adopts and incorporates by reference its responses to paragraphs 1 through 46, set forth above, as its response to paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 49 of the Complaint, including subparagraphs *a* through *o*.

50. Paragraph 50 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 50 of the Complaint.

WHEREFORE, Defendant Airbus S.A.S. denies the unnumbered "wherefore" paragraph in Count I of the Complaint and respectfully requests this Court enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, award Airbus S.A.S. its costs incurred in this action, and grant Airbus S.A.S. all other appropriate relief.

## **COUNT II - STRICT LIABILITY**

51. Airbus S.A.S. adopts and incorporates by reference its responses to paragraphs 1 through 46, set forth above, as its response to paragraph 51 of the Complaint.

52. Airbus S.A.S. admits the subject aircraft was designed, assembled, and placed into the stream of commerce by Airbus S.A.S. in France. Except as expressly admitted herein, Airbus S.A.S. denies the remaining allegations in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 53 of the Complaint, including subparagraphs *a* through *d*.

54. Airbus S.A.S. admits that Airbus S.A.S.'s principal business is the design, assembly, and sale of various types of aircraft. Except as expressly admitted herein, Airbus S.A.S. denies the remaining allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 56 of the Complaint.

57. Airbus S.A.S. lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 57 of the Complaint and, on that basis, denies the allegations in paragraph 57 of the Complaint.

WHEREFORE, Defendant Airbus S.A.S. denies the unnumbered "wherefore" paragraph in Count II of the Complaint and respectfully requests this Court enter judgment in its favor

dismissing Plaintiffs' Complaint with prejudice, award Airbus S.A.S. its costs incurred in this action, and grant Airbus S.A.S. all other appropriate relief.

### COUNT III – LOSS OF CONSORTIUM

58. Airbus S.A.S. adopts and incorporates by reference its responses to paragraphs 1 through 46, set forth above, as its response to paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Airbus S.A.S. denies the allegations in paragraph 59 of the Complaint.

WHEREFORE, Defendant Airbus S.A.S. denies the unnumbered "wherefore" paragraph in Count III of the Complaint and respectfully requests this Court enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, award Airbus S.A.S. its costs incurred in this action, and grant Airbus S.A.S. all other appropriate relief.

### II.

### AFFIRMATIVE DEFENSES

1. The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens* or transferred to a more convenient forum pursuant to 28 U.S.C. § 1404(a).

2. The Complaint fails to state a claim against Airbus S.A.S. upon which relief can be granted.

3. The Complaint and all causes of action therein should be dismissed because Plaintiffs have failed to join necessary and indispensable parties.

4. Airbus S.A.S. owed no duty to Plaintiffs to avoid or reduce Plaintiffs' alleged injuries.

5. The design of the subject aircraft delivered by Airbus S.A.S. was consistent with or exceeded the state of the art at the time of its design and manufacture.

6. At the time the subject aircraft left Airbus S.A.S.'s control, there were no practical and technically feasible alternative designs that would have prevented the alleged injuries without substantially impairing the reasonably anticipated or intended function of the aircraft.

7. The benefits of the design of the subject aircraft outweigh its inherent risks, if any.

8. Airbus S.A.S. is not liable because the subject aircraft was subject to unforeseeable and improper misuse or handling.

9. Airbus S.A.S. did not omit any instructions, warnings, or other communications that would have reduced the foreseeable risks of harm, if any, posed by the subject aircraft.

10. The subject aircraft was intended for, and sold to, a knowledgeable and sophisticated user over whom Airbus S.A.S. had no control. The subject aircraft was fit for that intended purpose, was reasonably safe for that intended purpose, and was not reasonably certain to be dangerous when put to its normal use. The warnings and instructions which accompanied the sale of the aircraft were sufficient to exculpate Airbus S.A.S. from any liability to the Plaintiffs.

11. The conduct or fault of Airbus S.A.S., if any, was not a substantial factor in bringing about Plaintiffs' alleged damages, and therefore was not a producing, proximate, or contributing cause of any injuries or damages suffered by Plaintiffs.

12. The manufacture and marketing of the subject aircraft, including the provision of related warnings, service bulletins, notices, and other communications, are controlled by federal and international law, and Airbus S.A.S. was at all times in compliance and obedience with the applicable laws and regulations.

13. If Plaintiffs' causes of action against Airbus S.A.S. are permitted and allowed, they would impede, impair, frustrate, and/or burden the effectiveness of law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article 1, Section 8, respectively. Thus, Plaintiffs' claims are preempted or barred by applicable law.

14. All training and training materials provided by Airbus S.A.S. fully complied with all applicable government rules, laws and regulations at the time such materials were provided.

15. All training and training materials provided by Airbus S.A.S. fully complied with the state-of-the-art and/or applicable industrial standards at the time such materials were provided.

16. Plaintiffs' alleged damages, if any, were proximately caused, solely or partially, by the negligence and/or fault of persons, firms, corporations, entities, or parties, other than Airbus S.A.S., for whom Airbus S.A.S. is not responsible, and over whom Airbus S.A.S. had no control or right of control, including but not limited to the operation, modification, alteration, or change in the condition of the subject aircraft. Such acts or omissions were intervening, interceding, or superseding causes of Plaintiffs' alleged damages from which Airbus S.A.S. had no duty and no opportunity to protect Plaintiffs. Accordingly, Airbus S.A.S. is not liable to Plaintiffs; or, in the alternative, Airbus S.A.S.'s liability to Plaintiffs must be reduced by the percentage of fault attributable to other liable persons, firms, corporations, entities, or parties, in accordance with applicable law.

17. Airbus S.A.S. reserves the right to make an election of credit or setoff for any settlements as allowed pursuant to the applicable law.

18. Any award or judgment rendered in favor of the Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source.

19. Plaintiffs' claims may be barred in whole or part, under the applicable law, because they have already received full satisfaction and/or compensation for their alleged injuries and damages, and their claims may be barred by Plaintiffs' prior accord and satisfaction with any party or third party.

20. Airbus S.A.S. objects to the imposition of any punitive or exemplary damages as requested in the Complaint, to the extent that such punitive or exemplary damages are or would be grossly excessive, arbitrary, improper, or would otherwise tend to violate the Due Process Clause of the United States Constitution or any other applicable law. Airbus S.A.S. further objects that the imposition of punitive exemplary damages in this case would be improper because the design, manufacture, warning, and marketing of the product by Airbus S.A.S. was at all times in compliance with the applicable law and regulations.

21. To the extent that Florida law applies, Plaintiffs' recovery, if any, must be reduced in accordance with Florida Statute § 768.76 by any collateral source payment that has been or will be paid to Plaintiffs or that is otherwise available to Plaintiffs by or from any collateral source.

22. To the extent that Florida law applies, under Florida Statute § 768.81 and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and if Airbus S.A.S. is found liable, liability that it denies, any damages which may be awarded to Plaintiffs are subject to apportionment by the jury according to the total fault of all parties and non-parties identified on the verdict form. These parties and non-parties include but are not limited to U.S. Airways Group Inc. and its agents; any of its contractors, subcontractors, or other providers of the subject aircraft's maintenance,

servicing, or operation; any cross- or third-party defendants later named in this action; and any other entities or persons revealed through discovery. Under Section 768.81, the Court should enter the resulting judgment, if any, against each party or non-party on the basis of that party's or non-party's percentage of fault and not on the basis of the doctrine of joint and several liability. Airbus S.A.S. reserves the right under Section 768.81 and *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), to amend its Answer to identify any parties or non-parties to be included on the verdict form.

23. To the extent Florida law applies, Airbus S.A.S.'s liability, if any, is limited by the terms and provisions of the "Tort Reform" Act of 1999, Section 99-225, Laws of Florida.

24. Airbus S.A.S. reserves the right to assert against the Plaintiffs, or any other party hereto, any and all affirmative defenses that may develop during the course of investigation, discovery, and litigation of this action.

WHEREFORE, Airbus S.A.S. respectfully requests that Plaintiffs take nothing by reason of this suit; that this Court enter judgment in Airbus S.A.S.'s favor dismissing Plaintiffs' Complaint with prejudice; and that this Court award Airbus S.A.S. its costs, and all other appropriate relief.

## III.
## NOTICE OF APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Airbus S.A.S. hereby gives notice that it intends to raise issues concerning the applicability of the law of another jurisdiction and hereby reserves its right to assert and plead such other privileges and defenses available to it under the substantive laws of another jurisdiction.

WHEREFORE, Airbus S.A.S. respectfully requests that Plaintiffs take nothing by reason of this suit; that this Court enter judgment in Airbus S.A.S.'s favor dismissing Plaintiffs'

Complaint with prejudice; and that this Court award Airbus S.A.S. its costs, and all other appropriate relief.

## IV.

## JURY DEMAND

Airbus S.A.S. demands a trial by jury on all issues so triable.

Dated:  31 December 2009.

>Respectfully submitted,
>
>Alvin F. Lindsay
>HOGAN & HARTSON LLP
>1111 Brickell Avenue
>Suite 1900
>Miami, Florida 33131
>(305) 459-6633
>COUNSEL FOR AIRBUS S.A.S.
>
>
>By:    s/ Alvin F. Lindsay
>        Alvin F. Lindsay
>        Florida Bar No. 939056

**OF COUNSEL:**

Thad T. Dameris, Esq. (admission *pro hac vice* pending)
TDameris@hhlaw.com
Trevor R. Jefferies, Esq. (admission *pro hac vice* pending)
TRJefferies@hhlaw.com
Christopher Odell, Esq. (admission *pro hac vice* pending)
CMOdell@hhlaw.com
Joshua J. Newcomer (admission *pro hac vice* pending)
JJNewcomer@hhlaw.com

HOGAN & HARTSON LLP
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Tel.:  (713) 632-1400
Fax:  (713) 583-6297

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 31st day of December 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                                             s/ Alvin F. Lindsay  
                                                                                                            Alvin F. Lindsay